ALBANY,
August, 1808.

Brown
v.
Clark.

### Brown *against* Clark.

GOLD, for the defendant in error, moved for a *venire de novo* to be awarded in this cause, or that the record be remitted to the court of common pleas of the county of *Oneida,* with directions to issue a *venire de novo* in that court.

It appeared that *Brown,* the plaintiff in error, had recovered judgment in the court of common pleas of *Oneida,* against the defendant in error, on which a writ of error was brought to this court, on a bill of exceptions ; and that the judgment was reversed at the last term. The bill of exceptions was merely to the opinion of the court below, in admitting a note in evidence, and did not relate to the merits of the cause.

> On the return of a writ of error from a court of common pleas to this court, the record itself is removed, and this court, on a reversal of the judgment below, may award a *venire de novo* returnable at the circuit. But where it appeared that the sum demanded by the plaintiff was so small, that the plaintiff, if he recovered, would be obliged to pay the costs, the court refused to grant the *venire de novo.*

ALBANY,
August, 1808.

Brown
v.
Clark.

The counsel cited *Doug.* 696.   2 *Term Rep.* 53. 125.
2 *Saund.* 38. *note* 27.

*Sedgwick*, contra.

*Per Curiam.*   In judgment of law, the *record itself* is removed into this court, from the court of common pleas, though, in fact, a transcript only is sent up here.   This court, therefore, has power to award a *venire de novo*, returnable at a circuit court, as was done in the case of *Grant* v. *Astle*, (*Doug.* 722.) and as was admitted to be the rule, by Lord *Mansfield*, in the case of *Harwood* v. *Goodright.* (*Cowper*, 89, 90.)

The case of *Davis* v. *Pierce*, (2 *Term Rep.* 125. is very much in point, as the writ of error there, was on a bill of exceptions from a court in *Wales*, as to the admission of evidence. The reasons given in that case are conclusive in favour of the propriety and justice of granting a *venire de novo* in cases where the demand is cognisable in this court.   But in the present case, as there is every reason to believe, that the plaintiff would not recover a sufficient sum to entitle him to costs, but would be obliged to pay costs, it can be of no benefit, but an injury to him, to grant the motion, and which, for that reason only, is denied.

Rule refused.